IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PHILIP ROBERT MAAG                                                                               PLAINTIFF

vs.                                             Civil No. 2:14-cv-02138

CAROLYN W. COLVIN                                                                             DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Philip Robert Maag ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff protectively filed his disability application on November 3, 2011.  (Tr. 25).  In his application, Plaintiff alleges being disabled due to a back injury and depression.  (Tr. 155).  Plaintiff alleges an onset date of January 15, 2009.  (Tr. 25).  This application was denied initially and again upon reconsideration.  (Tr. 70-72).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted.  (Tr. 85-96).  Plaintiff's administrative hearing was held on October 26, 2012

in Russellville, Arkansas. (Tr. 36-69). At this hearing, Plaintiff was present and was represented by counsel, Iva Gibbons. *Id.* Plaintiff and Vocational Expert ("VE") testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 42). As for his education, Plaintiff testified he had completed the twelfth grade in school. *Id.*

On December 10, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 22-31). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2013. (Tr. 27, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 15, 2009, his alleged onset date. (Tr. 27, Finding 2). The ALJ found Plaintiff had the following severe impairments: chronic lower back pain and status post laminectomy and fusion at the L4-L5 and L5-S1 levels. (Tr. 27, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 27, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 27-30, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he can only occasionally stoop, squat and bend.

*Id.* "Sedentary work" is defined as follows:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small

>tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (2012).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 30, Finding 6). The ALJ found Plaintiff's PRW included work as a telephone solicitor. *Id.* Considering his RFC, the ALJ determined Plaintiff retained the capacity to perform this PRW as a telephone solicitor. *Id.* Because Plaintiff retained the capacity to perform this PRW, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from his alleged onset date of January 15, 2009 through the date of the ALJ's decision or through December 10, 2012. (Tr. 31, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 20). On April 18, 2014, the Appeals Council denied this request for review. (Tr. 1-4). On June 13, 2014, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following six arguments for reversal: (1) the ALJ erred by failing to properly develop the evidence in this case; (2) the ALJ failed "to consider evidence which fairly detracted from his findings"; (3) the ALJ erred in evaluating Plaintiff's credibility; (4) the ALJ gave improper weight to the opinions of Plaintiff's physicians; (5) the ALJ erred in assigning Plaintiff's RFC; and (6) the ALJ erred at Step Four of the Analysis. ECF No. 7. Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Thus, the Court will only evaluate Plaintiff's third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* evaluation. Instead of evaluating the *Polaski* factors outlined above and providing valid reasons for discounting Plaintiff's subjective complaints, it appears the ALJ discounted Plaintiff's subjective complaints because they were not supported by his medical records. Instead of evaluating the *Polaski* factors, the ALJ stated the following:

> The claimant alleges that the nature, intensity, frequency, persistence and limiting effects of his impairments prevent him from performing basic work activities. After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

6

(Tr. 29).

Indeed, apart from his medical records, the only basis the ALJ offered for discounting Plaintiff's subjective complaints was the fact that he was "laid off" from his last job and was not terminated "due to his impairments." (Tr. 29). Although it was proper for the ALJ to consider this fact, this alone is not a basis for discounting Plaintiff's subjective complaints. This is especially true where, as here, the ALJ constantly referenced Plaintiff's allegations and the fact they were not supported by the "medical evidence": "Furthermore, the medical evidence shows that he [Plaintiff] is not limited to the extent alleged, and it does not support any greater limitations." *Id.*

In her briefing, Defendant provided several solid, acceptable reasons for discounting Plaintiff's subjective complaints under *Polaski*. ECF No. 8. These, however, were not the reasons provided in the ALJ's decision. (Tr. 22-31). The Court must consider the ALJ's stated reasons for discounting Plaintiff's subjective complaints and cannot engage in an after-the-fact investigation of the record by performing an independent *Polaski* evaluation to consider Plaintiff's credibility.

The ALJ's failure to provide specific inconsistencies when discounting a claimant's subjective complaints was improper under *Polaski*. Because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.[2]

4.　**Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

---

[2] This Court recommends this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This Report and Recommendation should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 6th day of May 2015.**

/s/    Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE