IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PHILIP ROBERT MAAG                                                    PLAINTIFF

vs.                              Civil No. 2:14-cv-02138

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal

Access to Justice Act ("EAJA").  ECF No. 12.  Defendant has responded to this Motion and objects

to Plaintiff's requested fees.  ECF No. 14.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this Motion to the Court for the purpose of making a report and

recommendation.   In accordance with that referral, this Court enters the following report and

recommendation.

1.      **Background:**

Philip Robert Maag ("Plaintiff") appealed to this Court from the Secretary of the Social

Security Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.  On May

27, 2015, Plaintiff's case was reversed and remanded pursuant to Sentence Four of 42 U.S.C. §

405(g).  ECF No. 11.

On August 24, 2015, Plaintiff filed this Motion requesting an award of attorney's fees under

the EAJA.  ECF No. 12.  With this Motion, Plaintiff requests an award of attorney's fees in the total

amount of $5,833.22.  *Id.*  This amount represents 29.05 hours of attorney work from 2014 and 2015

at an hourly rate of $186.25 in addition to $422.66 in out-of-pocket expenses.  *Id.*  Defendant

responded to this Motion on August 28, 2015 and objects to some of his requested fees as being not compensable under EAJA. *Id.*

2.    **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

2

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker*, 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 11. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 14. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $5,833.22. ECF No. 12. This amount represents 26.55 attorney hours from 2014 at an hourly rate of $186.25 and 2.5 attorney hours from 2015 at an hourly rate of $186.25 in addition to $422.66 in out-of-pocket expenses. *Id.* These requested hourly rates for attorney work are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates for 2014 and 2015. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A);

3

*Johnson,* 919 F.2d at 504.  In the present action, only $186.00 is authorized for 2014, but the hourly rate of $186.25 is authorized for 2015.  Thus, the Court recommends these amounts of $186.00 for 2014 and $186.25 for 2015 be awarded.

The Court has reviewed Plaintiff's request for 26.55 hours for attorney work performed in 2014 and 2.5 hours for attorney work performed in 2015.  Defendant objects to these requested hours and claims in her Motion that, as a part of these requested hours, Plaintiff is seeking compensation for clerical tasks and administrative-level tasks that are not compensable under EAJA.  ECF No. 14. Defendant argues Plaintiff's requested fees should be reduced from $5,410.57 to $4,367.56.  *Id.*

Upon review, the Court declines to recommend Plaintiff's requested attorney hours be reduced.  Specifically, as for Defendant's claim that Plaintiff is seeking compensation for administrative-level work and clerical tasks, the Court finds this claim is not merited.  For example, Defendant seeks to reduce Plaintiff's request for compensation from April 24, 2014 for the entry "complete review [of] file to determine if appeal [is] warranted" (.90 hour).  ECF No. 14 at 4. Defendant claims this is a request for compensation for work performed at the administrative level. Upon review, however, this request is not for administrative-level work but is instead a request for compensation for work performed at the federal district court level in order to assess whether an appeal was merited.[1]  Thus, the Court declines to recommended Plaintiff's requested attorney's fees be reduced.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010).  ECF No. 14.  *Ratliff* requires that attorney's fees be

---

[1] Clearly, since this case was remanded, Plaintiff's counsel's decision to appeal this action was entirely merited.

awarded to the "prevailing party" or the litigant.  *See id*. 130 S.Ct. at 2528.  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Motion for Attorney's Fees (ECF No. 12) be **GRANTED**, and Plaintiff be awarded **$5,826.59**.  This amount represents 26.55 hours of attorney work from 2014 at an hourly rate of $186.00 and 2.5 hours of attorney work from 2015 at an hourly rate of $186.25 in addition to $422.66 in out-of-pocket expenses

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 17th day of September 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE